Case 1:22-mj-00400-SH   Document 3   Filed 04/25/22   Page 1 of 6

FILED
April 25, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____LRT_____
                DEPUTY

AO 91 (Rev. 08/09) Criminal Complaint

# SEALED

## UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| United States of America<br>v.<br>John Reagan Woolley<br><br>*Defendant(s)* | Case No. **1:22-MJ-400-SH** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __04/22/2022__ in the county of __Williamson__ in the __Western__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 912 | Impersonating a federal officer |

This criminal complaint is based on these facts:

See affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

FBI TFO Juan A. Ferman
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/25/22

_____
*Judge's signature*

City and state: Austin, Texas

Susan Hightower, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § | |
| v. § § | No. 1:22-MJ-400-SH |
| JOHN REAGAN WOOLLEY § § | |
| Defendant. § | |

### Affidavit in Support of Criminal Complaint

I, Juan A. Ferman, being duly sworn, depose and state as follows:

### Introduction and Agent Background

1. I am a Task Force Officer (TFO) with the Federal Bureau of Investigation ("FBI"). I have been employed as a Texas Peace Officer for 19 years and am assigned to the FBI's Violent Crimes Task Force (VCTF) in Austin, Texas. I have been a TFO in the VCTF for approximately 18 months and my responsibilities include enforcing federal criminal statutes, including investigations involving bank robbery, Hobbs Act robberies, violent gangs and groups, fugitives, and firearms violations.

2. Based on the facts set forth in this affidavit, there is probable cause to believe that on or about April 22, 2022, in Williamson County, in the Western District of Texas, defendant JOHN REAGAN WOOLLEY, did falsely assume and pretend to be an officer or employee of the United States or any department, agency or officer thereof, that is a federal law enforcement officer with the United States Marshals Service, and did act in such assumed and pretended character with the intent to defraud and did falsely demand and attempt to obtain a thing of value, in violation of Title 18, United States Code, Section 912.

3. This affidavit is based on my personal knowledge, my review of law enforcement

reports and other evidence, as well as investigative activities by other FBI agents and law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of the complaint, it does not contain every fact known to me or other agents of the FBI. All statements are set forth in sum and substance and relevant part.

## Probable Cause

4. On or about April 22, 2022, investigators with the FBI were informed by Leander Police Department officers that WOOLLEY had been arrested that day for impersonating a public servant at a home in Leander, Texas (the "Leander Home"). I have obtained and reviewed body-worn camera footage of Leander Police Department's encounter with WOOLLEY. The responding officer saw a badge on WOOLLEY's belt that the officer read as "Supervisory Deputy United States Marshal." The officer asked WOOLLEY if he (WOOLLEY) thought a reasonable person would think that he is in law enforcement. WOOLLEY said he had no idea and the officer said ". . . you told me you were in law enforcement . . ." to which WOOLLEY replied ". . . that's what they told me . . . ." The officer asked WOOLLEY who "they" referred to and WOOLLEY said they were the United States Marshals and DEA (Drug Enforcement Administration). The responding officer then asked ". . . so then you would say you are law enforcement then?" WOOLLEY responded, ". . . absolutely . . . and in Scurry County too[.]"

5. After the defendant had been transported to the police station, investigators with the FBI, including myself, met with Leander Police Department officers. I observed the badge that WOOLLEY presented at the scene, and I saw a star within a circle with the words "UNITED STATES MARSHAL SUPERVISORY DEPUTY" engraved on the circular portion of the badge. Based on my training and experience as a law enforcement officer, I know that a badge

with those characteristics may be perceived as a legitimate law enforcement badge by members of the public and that the holder typically intends as such when presenting it.

6. Investigators spoke with a Deputy United States Marshal in Austin, Texas. The Deputy United States Marshal reported that WOOLLEY was not an employee of the United States Marshals Service, not a Deputy Marshal, and not a Supervisory Deputy. Investigators also learned that WOOLLEY had been pulled over in December 2021 by the Comal County Sheriff's Office and had displayed a U.S. Marshals badge to the sheriff's deputies. Based on my review of law enforcement reports, I have learned that WOOLLEY was detained and a search of his car revealed additional purported law enforcement badges to include one for the Texas Rangers, two for the United States Marshals Service, and one CIA (Central Intelligence Agency) Special Agent badge. WOOLLEY was also in possession of body armor, clothing with police insignia, and a quantity of methamphetamine. WOOLLEY was charged with possession of controlled substance, Unlawful Possession of Metal or Body Armor by a Felon, and Impersonating a Public Servant. Based on a review of criminal history records, I have learned that WOOLLEY's criminal history includes felony convictions for Sexual Assault of a Child and Assault on a Public Servant.

7. On April 22, 2022, investigators interviewed two residents of the Leander Home ("Resident 1" and "Resident 2"). Resident 1 stated that WOOLLEY had knocked on the door of the Leander Home at approximately 8:00 am and Resident 1 had answered. Resident 1 said WOOLLEY had asked for Resident 1's sister ("Victim 1"). Resident 1 told WOOLLEY that Victim 1 did not live at that residence and closed the door. I have obtained and reviewed body-worn camera footage of Resident 1's earlier contemporaneous report of WOOLLEY's activities to Leander police officers. Resident 1 reported that when she told WOOLLEY that her sister

(Victim 1) did not live at the Leander Home during the first encounter with the defendant on April 22, 2022, WOOLLEY asked whether Victim 1 had moved to Houston. Resident 1 said no but did not tell the defendant where Victim 1 lived. Resident 1 also reported that WOOLLEY had asked her for Victim 1's phone number. After Resident 1 went back inside, she called Victim 1, who informed Resident 1 that WOOLLEY had already come to Victim 1's workplace twice claiming to be a police officer with an arrest warrant for Victim 1.

8. Resident 2 told FBI Investigators that WOOLLEY was at the door of the Leander Home again shortly after 9:00 am. WOOLLEY told Resident 2 that Victim 1 had texted WOOLLEY to say Victim 1 was at the residence. Resident 1 told WOOLLEY that she was going to call the police. WOOLLEY replied, "…go ahead…I'm a U.S. Marshal…" and then displayed a badge clipped onto his belt. Resident 1 reported that she believed the badge looked like a sheriff's deputy badge and that she was a former sheriff's deputy from Missouri. Leander police officers arrived shortly thereafter. In the body-worn camera footage I reviewed, Resident 1 reported to police that after WOOLLEY returned to the door, he was told to leave Victim 1 alone. WOOLLEY responded, in sum and substance, that he would never leave Victim 1 alone, that he loved Victim 1, and that he would find her. Resident 1 indicated that when she told WOOLLEY she would call the police, he produced a badge and said, "Call them…I'm already here."

9. Investigators also interviewed Victim 1. Victim 1 reported that she knew WOOLLEY from high school and that she and WOOLLEY were never romantically involved. Victim 1 said that she does not know why WOOLLEY is focused on her. Victim 1 also stated that within the last year, WOOLLEY had gone to her workplace and asked Victim 1 to hang out with him. Victim 1 said that after refusing and walking away from WOOLLEY, he grabbed her

by the arm and would not let go. On a separate occasion, WOOLEY had gone to Victim 1's workplace and identified himself as a United States Marshal to a security guard at the workplace. The security guard told Victim 1 that a United States Marshal was looking for her and that the purported United States Marshal had a warrant of arrest for Victim 1. Victim 1 informed the security guard that WOOLLEY was "not a real cop" and that WOOLLEY left the area.

## Conclusion

10.     Based on the facts set forth above, I respectfully submit that there is probable cause to believe that JOHN REAGAN WOOLLEY violated 18 U.S.C. § 912 and request the issuance of a warrant for his arrest.

Respectfully submitted,

JUAN A. FERMAN
Task Force Officer
Federal Bureau of Investigation
Austin, Texas

Sworn to me by telephone under Rule 4.1 of the Federal Rules of Criminal Procedure on this ___25th___ day of April, 2022.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE